**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaheda Ali,<br><br>      Plaintiff,<br><br>vs.<br><br>James B. Peake, Secretary of Veterans Affairs; Black Corporations I-X; and White Partnerships I-X,<br><br>      Defendants. | No. CV 08-0298-PHX-DGC<br><br>**ORDER** |

Defendant James B. Peake, Secretary of Veterans Affairs, has filed a motion to dismiss certain claims and parties from this action. Dkt. #6. *Pro se* plaintiff Dr. Shaheda Ali has submitted a response (Dkt. #7) and Defendant has submitted a reply (Dkt. #8). For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I.     Background.**

In March of 2006, Plaintiff began working for the Department of Veteran Affairs as a psychiatrist. *See* Dkt. #6 at 2; Dkt. #7 at 2. On November 27, 2006, Plaintiff contacted a Department equal employment office ("EEO") counselor, Vickye E. Gammage, alleging that she had been discriminated against on the basis of her race and nationality (Pakistani) and her religion (Muslim). *See id.* Gammage prepared a report, dated January 9, 2007, which includes a description of Plaintiff's grievances, the relief she was seeking, and the Department's response to her allegations. *See* Dkt. #6, Ex. 1 at 3. On January 5, 2007,

Plaintiff filed an administrative complaint with the Department, setting forth claims stemming from the alleged discrimination. Dkt. #6, Ex. 2. On February 16, 2007, the Department issued a letter accepting the administrative complaint for investigation and recounting the claims raised in the complaint. Dkt. #6, Ex. 3.

On February 15, 2008, Plaintiff filed this action against Defendant Peake, Black Corporations I-X, and White Partnerships I-X, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Dkt. #1. Defendant's motion to dismiss argues, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Federal Rules"), that the Court lacks subject matter jurisdiction to hear certain claims because they have not been exhausted at the administrative level. Dkt. #6. Defendant also seeks to dismiss Black Corporations I-X and White Partnerships I-X pursuant to Rule 12(b)(6). *Id.* Plaintiff does not object to the dismissal of Black Corporations I-X and White Partnerships I-X. *See* Dkt. #7 at 5-6. The Court's role, therefore, is limited to determining whether the challenged claims have been administratively exhausted.

## II. Legal Standard.

Title VII claims must be administratively exhausted before being brought to federal court. *See Cooper v. Bell*, 628 F.2d 1208, 1211 (9th Cir.1980) (Title VII "contemplates the invocation of administrative remedies as a condition precedent to litigation"). A federal employee asserting Title VII claims must therefore exhaust his or her agency's administrative remedies prior to suit. *See Vinieratos v. U.S., Dept. of Air Force Through Aldridge*, 939 F.2d 762, 767-78 (9th Cir. 1991) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit.") (citations omitted); *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976) ("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."). "As part of the exhaustion process, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative complaint." *Dilettoso v. Potter*, No. 04-0566, 2006 WL 197146, at *6 (D. Ariz. Jan. 25, 2006) (internal quotes and citation omitted).

1    Plaintiff is proceeding *pro se* and appears to have engaged in the administrative 2 process without an attorney. Accordingly, the Court must construe her pleadings liberally. 3 *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has 4 instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") 5 (citation omitted); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In 6 civil rights cases where the plaintiff appears pro se, the court must construe the pleading 7 liberally and must afford plaintiff the benefit of any doubt."). Plaintiff nonetheless is bound 8 by "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 9 567 (9th Cir. 1986).

**III.    Discussion.**

Defendant argues that seven of Plaintiff's claims have not been exhausted and must be dismissed. *See* Dkt. #8 at 2-3. The Court will discuss them in turn.

First, Defendant contends that Plaintiff's claim that she was given leave without pay for one day was not brought before the EEO counselor or stated in the administrative complaint. *See id.* at 2. Second and relatedly, Defendant asserts that Plaintiff's claim that she was denied a compressed work schedule on the same day was not mentioned to the EEO counselor. *See id.* The Court does not agree.

The gist of these two claims appears to be that Plaintiff was wrongfully charged with leave without pay when exercising an excused day off under a compressed work schedule, and that she was refused the opportunity to work a compressed schedule overall. See Dkt. #1 at ¶¶36-40. Gammage's report includes a response from Dr. Highberger noting that, while Plaintiff was ostensibly exercising authorized leave, Dr. Highberger called Plaintiff to state that her compressed day off (a Monday) needed to be changed. Dkt. #6, Ex. 1 at 4. According to Dr. Highberger, when Plaintiff returned to work she was told that her compressed day off was not authorized and she has not worked a compressed schedule since. *See id.* Plaintiff's subsequent administrative complaint asserted that she was "refused [a] compressed work schedule and not compensated for one day." Dkt. #6, Ex. 3 at 1. The Department's letter dated February 16, 2007, accepted these administrative claims and stated

- 3 -

1  that they "meet procedural requirements." *Id*. at 2.  This information suggests that the
2  Department was on notice, at both the counselor and complaint stages, of Plaintiff's belief
3  that she should have been granted the single compressed day off and a compressed schedule
4  going forward.  The Court finds this sufficient for exhaustion.

5  Third, Defendant argues that Plaintiff's claim regarding a September 8, 2006 letter
6  of counseling was not presented either to the EEO counselor or at the administrative
7  complaint stage.  *See* Dkt. #8 at 3.  The Court agrees.  Gammage's report and the
8  administrative complaint do not mention a September 8, 2006 letter.  *See* Dkt. #6, Exs. 1-3.

9  Fourth, Defendant contends that Plaintiff's claim of harassment during the month of
10 Ramadan was not presented to the Department.  *See* Dkt. #8 at 3.  The Court agrees.
11 Gammage's report discusses some allegations of religious discrimination, including
12 Plaintiff's charge that she initially was denied a carpet on which to pray.  *See* Dkt. #6, Ex. 1
13 at 4.  But this grievance is not tied to the month of Ramadan.  The administrative complaint
14 similarly does not address any Ramadan-related discrimination.  *See* Dkt. #6, Ex. 2.

15 Fifth, Defendant initially argued that Plaintiff's hostile work environment claim was
16 not exhausted.  *See* Dkt. #8 at 3.  Defendant has withdrawn this argument.  *See id*. at 4-5.

17 Sixth, Defendant argues that Plaintiff's claim of discrimination based on a denial of
18 appropriate compensation from March 14 to June 20, 2006, was not presented to the EEO
19 counselor or alleged in the administrative complaint.  *See* Dkt. #8 at 3.  The Court does not
20 agree.  Gammage's report explicitly notes that Plaintiff "said that [another doctor] was
21 discriminating against her regarding her pay."  Dkt. #6, Ex. 1 at 4.  The Department's
22 response stated that Plaintiff's pay was approved in June 2006 and was made retroactive to
23 March 2006 – the same time period noted by Defendant.  *See id*.  The administrative
24 complaint also asserted that "from March 14, 2006 to June 20, 2006 [Plaintiff was] denied
25 the appropriate compensation/salary."  *See* Dkt. #6, Ex. 3 at 1.

26 Finally, Defendant asserts that Plaintiff's claim of "alleged scrutiny" from Dr.
27 Highberger was presented only to the EEO counselor, but was not included in the
28 administrative complaint or the complaint filed in this Court.  Dkt. #8 at 3.  The Court agrees

1 that dismissal of the claim is appropriate. The administrative complaint asserts "harassment"
2 generally, but does not state that excessive scrutiny served as a basis for the harassment
3 claim. *See* Dkt. #6, Ex. 2. "[T]he purpose of Title VII's exhaustion requirements . . . is to
4 provide an opportunity to reach a voluntary settlement of an employment discrimination
5 dispute." *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (internal quotes and citation
6 omitted). While the claim can be found in this case (*see* Dkt. #1 at ¶90), the administrative
7 complaint did not provide adequate notice to the Department that Dr. Highberger's scrutiny
8 formed part of the harassment charge.

9 **IT IS ORDERED** that the motion to dismiss (Dkt. #6) is **granted** with respect to
10 Defendants Black Corporations I-X and White Partnerships I-X, and with respect to
11 Plaintiff's Title VII claims premised on (1) the September 8, 2006 letter of counseling
12 (Dkt. #1 at ¶¶57-58), (2) discrimination during the month of Ramadan (*id*. at ¶¶59-62), and
13 (3) Dr. Highberger's scrutiny of her work (*id*. at ¶90). The motion is **denied** in all other
14 respects.

15 DATED this 2nd day of September, 2008.

David G. Campbell
United States District Judge