**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaheda Ali, | No. CV 08-0298-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| James B. Peake, Secretary of Veterans Affairs. | |
| Defendant. | |

Defendant James B. Peake, Secretary of Veterans Affairs, has filed a motion for summary judgment. Dkt. #27. Plaintiff Shaheda Ali opposes the motion. Dkt. #31. The motion is fully briefed and neither party requests oral argument. For the reasons that follow, the Court will grant the motion for summary judgment.

**I.    Background.**

Plaintiff filed a complaint under Title VII alleging discrimination based on her race and religion. Dkt. #1. Plaintiff is Pakastani and Muslim. *Id.* at 3. She alleges that while employed as a doctor at the Veterans Administration Medical Center she was subjected to a hostile work environment and adverse employment actions based on her race and religion.

According to Plaintiff, she was paid $90,000 per year when her market value salary should have been $165,000. She also alleges that she requested a compressed schedule which would allow her to have Mondays off, and this request was denied. Plaintiff took a Monday off while the request was pending, expecting that it would be her paid day off, but

1  she was not paid for that day because her compressed schedule ultimately was denied.
2  Plaintiff alleges that she received several Letters of Counseling while she worked at the
3  Medical Center which detailed every fault of her work and which discussed infractions she
4  did not commit. She contends that her supervisors watched her constantly, documented any
5  mistakes she made, put her on authorized absence, and, after a Professional Standards Board
6  reviewed her work and the Letters of Counseling, fired her. This, according to Plaintiff, was
7  all done based on her race and religion.

8  The three claims of discrimination based on adverse employment actions still at issue
9  in this case are that: (1) Plaintiff was denied a compressed work schedule and charged leave
10 without pay for the Monday she missed; (2) Plaintiff was paid too low a salary when she was
11 hired; and (3) Plaintiff received Letters of Counseling discussing her alleged misconduct, was
12 placed on authorized absence, and then was terminated. She also claims that she was
13 subjected to a hostile work environment. Defendant has moved for summary judgment,
14 alleging that there is no issue of material fact as to any of these claims.

**II.  Legal Standard.**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. In addition, the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an

- 2 -

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *see Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex*, 477 U.S. at 323. Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. Discrimination claims.

### A. Legal standard.

Title VII makes it unlawful for an employer to discriminate against an individual with respect to her "compensation, terms, conditions, or privileges of employment" based on that individual's race or religion. 42 U.S.C. § 2000e-2(a)(1). To survive summary judgment on a disparate treatment claim where there is no direct evidence of discrimination, the plaintiff must show that she (1) belongs to a protected class, (2) was qualified for her position, (3) was subject to an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably. *Chuang v. Univ. of Calif. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). Once a plaintiff has established such a prima facie case of discrimination, the employer must proffer a legitimate, nondiscriminatory reason for its actions. *Chuang*, 225 F.3d at 1123-24. If the employer articulates a legitimate, nondiscriminatory reason, then the plaintiff must show that "the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Chuang*, 225 F.3d at 1124 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 405 U.S. 248, 256 (1981)).

### B. Analysis.

#### 1. Denial of Compressed Schedule and Loss of Pay.

With respect to Plaintiff's first claim of discrimination, Defendant has articulated legitimate, nondiscriminatory reasons for denying Plaintiff a compressed work schedule and charging her one day of leave without pay: Plaintiff had the lowest seniority of the doctors

on staff, meaning that she might not get her first choice of compressed work schedules. Dkt. #27 at 7. Plaintiff missed a Monday while her request was pending, and, because the request ultimately was denied, Plaintiff was not paid for that day off. *Id*. These are legitimate, nondiscriminatory reasons for denial of a compressed schedule and one day's pay.

Plaintiff makes the bare allegation that these actions were based on her race and religion, but she makes no showing that Defendant's explanation is unworthy of belief or that a discriminatory reason was more likely. Dkt. #31. Plaintiff does assert that she was denied administrative leave for one day while she was taking oral exams, and that other doctors were afforded such leave for all days they took exams. Dkt. #32 ¶13. The only evidence cited in support of this assertion, however, is Plaintiff's sworn telephone statement, apparently taken by Defendant in an administrative investigation of Plaintiff's claims, in which she asserts "[i]t was administrative leave which every doctor gets." Dkt. #32-2 at 21. No specifics are provided, no doctors named, no additional evidence cited, and Plaintiff's sworn statement never specifies the race or religion of the doctors who allegedly received full administrative leave.

For a Plaintiff to establish pretext by indirect, circumstantial evidence, the evidence "must be both 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate[.]" *Godwin Hunt Wesson. Inc*, 150 F.3d 1217, 1222 (9th Cir, 1998) (citations omitted); *see Villiarimo Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). Plaintiff's sworn statement is neither specific nor substantial. Because she provides no other evidence that Defendant's explanation is pretextual, summary judgment is warranted on this claim. *See Celotex*, 477 U.S. at 322.

### 2. Low Salary.

With respect to Plaintiff's second claim of discrimination, Defendant has stated a legitimate, nondiscriminatory reason for paying Plaintiff too low a salary when she was hired: a mistake. Dkt. #27 at 7. Defendant notes that once the Medical Center was alerted to the pay discrepancy, it fixed the problem and retroactively compensated Plaintiff for the

pay difference. Dkt. #28 at 2. Plaintiff does not dispute that the Medical Center fixed the problem and paid her the higher salary retroactively.

In support of her claim that the initial low pay was based on discrimination, Plaintiff cites solely to one page of her sworn telephone interview. Dkt. #32 ¶4. When asked during the interview why she believed the low pay was based on her race or religion, she responded: "Why not? Dr. LaCevic is a white lady and she –." Dkt. #32-2 at 14. Plaintiff never completed this sentence and never explained what Dr. LaCevic said, did, or received beyond making the bare allegation that "she was given the market rate." *Id*. When pressed on why she believed the low pay was discriminatory, Plaintiff stated that she was told she would receive market pay and did not until she called the matter to Defendant's attention. *Id*. This sworn statement provides no evidence that the low pay was discriminatory or that Defendant's explanation is pretextual. Because Plaintiff cites no other evidence in support of her claim, summary judgment will be entered on this claim. *See Celotex*, 477 U.S. at 322.

### 3.     Letters of Counseling.

With respect to Plaintiff's third discrimination claim, it is true that Defendant gave numerous Letters of Counseling to Plaintiff which discussed her alleged misconduct. These letters were written, according to Defendant, because of complaints received from physicians, support staff, and patients about Plaintiff's conduct. Plaintiff does not dispute this contention. She argues instead that the complaints were false. Dkt. #31 at 9. The relevant question, however, is not whether the complaints were false, but whether Defendant's reason for issuing the letters – the existence of numerous complaints – is unworthy of credence. *See Villiarimo*, 281 F.3d at 1063 (citing *Chuang*, 225 F.3d at 1123). While the truth or falsity of the complaints may go to the credibility of Defendant's reason for issuing the Letters of Counseling, Plaintiff's bare allegation that the complaints were false is not sufficient to show that the Medical Center knew they were false or that its reason for issuing the letters is pre-textual.

Plaintiff does allege that Defendant failed to conduct an adequate investigation into the complaints and that this fact undermines the credibility of its explanation. Dkt. #31 at

9. But Plaintiff cites no evidence in support of her claim that Defendant did not investigate properly. *Id.*, *see also* Dkt. #32 at 6-8 (making the bare allegation that Defendant did not investigate properly, but citing no evidence showing that no investigation took place). When asked during her phone interview why Dr. Highberger (the superior who issued the complaints) would have handled the complaints improperly, Plaintiff said that Dr. Highberger felt threatened by Plaintiff because Plaintiff had achieved two fellowships. Dkt. #32-3 at 9. This is not evidence of discriminatory motive. Nor has Plaintiff provided evidence that the Medical Center's reason for placing her on authorized absence and terminating her – that a Professional Standards Board decided to fire her after reviewing the Letters of Counseling – was pre-textual. Because Plaintiff has failed to provide sufficient evidence that Defendant's reason for issuing Letters of Counseling and terminating her are pretextual, summary judgment will be entered on this claim. *See Celotex*, 477 U.S. at 322.

**IV. Hostile work environment.**

In the final pages of her response to Defendant's motion for summary judgment, Plaintiff alleges that Defendant harassed and subjected her to a hostile work environment by supervising her closely, ridiculing her in emails to coworkers, speaking rudely to her, and refusing to offer her assistance when she had questions. Dkt. #31 at 11. Defendant disputes that Plaintiff can even bring this claim, as it is not alleged in her complaint and is procedurally barred. *See* Dkt. #33 at 9-10. Even if the claim is properly before this Court, however, Plaintiff has not shown a prima facie case of a hostile work environment.

"'[A] workplace in which racial hostility is pervasive constitutes a form of discrimination." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) (internal quotations and citations omitted). In order to make a prima facie case for hostile work environment, Plaintiff must show that (1) she was subjected to verbal or physical conduct because of her religion or race, (2) the verbal or physical conduct was unwelcome, and (3) the conduct was severe or pervasive enough to alter the conditions of her employment and create an abusive work environment. *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002). "To determine whether conduct was sufficiently severe or pervasive to violate Title

VII, we look at 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Vasquez v. Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004).

None of the hostility about which Plaintiff complains is directly related to her race or religion. She was not harassed by racial or religious epithets, jokes, or comments. Even if the allegations of harassment are accepted as true – that Ms. Bernzott watched her continuously (Dkt. #1 at 7); that she was "derided and belittled by coworkers such as Ms. Bernzott, who cross-questioned her regarding her treatment of the patients" (Dkt. #31 at 11); that she was "snubbed by other co-workers" (*Id.*); that she was reported for any infractions (*Id.*); that she was "[taken] to task for [her] infractions and publicly ridicule[d]" in emails (*Id.*); that Ms. Bernzott spoke rudely to her in front of employees and clients (*Id.*); that she had difficulty getting assistance when she had questions (*Id.*); and that she had difficulty getting time off (*Id.*) – they are not enough to show a race- or religion-based hostile work environment under Title VII. *See Vasquez*, 349 F.3d at 642. Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Plaintiff must provide evidence that hostile conduct was based on her race or religion and not simply on bad manners or rude coworkers. Plaintiff provides no such evidence.

Moreover, only three of Plaintiff's allegations are supported by the record. *See* Dkt. #32-2 at 24-25 (Plaintiff stating that she was watched carefully by Ms. Bernzott); Dkt. #32-4 at 19 (copy of an email in which one employee made the snide remark that "[Plaintiff] is a joy to work with"); Dkt. #32-4 at 2, 4, 6-8, 10-11, 13-14 (reports of her infractions). Taken in the light most favorable to Plaintiff, these facts do not show a hostile work environment sufficient to violate Title VII. Plaintiff has pointed to no facts tending to show that the hostile activity was physically threatening or humiliating or that it unreasonably interfered with her work performance. *See, e.g.*, *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1991) (no finding of hostile work environment despite allegations that employer posted a racially offensive cartoon, made racial slurs, and targeted Latinos

when enforcing rules); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864 (9th Cir. 2001) (finding a hostile work environment when a male employee was taunted and called offensive names based on his sexual status at least once a week and often several times a day).

Because Plaintiff has failed to make a prima facie showing of a hostile work environment based on her race or religion, Defendant is entitled to summary judgment on this claim. *See Celotex*, 477 U.S. at 322.[1]

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #27) is **granted**.

2. The clerk of the court is directed to terminate this action.

DATED this 1st day of February, 2010.

_____
David G. Campbell
United States District Judge

---

[1] Given this conclusion, the Court need not consider Defendant's argument that the Court should disregard Plaintiff's factual objections because she failed to comply with the Court's local rules. *See* Dkt. #33 at 2.